

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Honorable Thos. R. Chandler
County Attorney
Robertson County
Franklin, Texas

Dear Sir:

> Opinion No. O-810
> Re: Whether expenses of attending
> officers' conventions are reason-
> able and necessary in the legal
> conduct of their offices and same
> authorized under Article 3899.

Your request for an opinion as contained in your letter of May 11th has received the attention of this department. Permit us to quote from your letter as follows:

"Kindly advise me whether or not a county official may present to the commissioners' court and have allowed expenses to an officers' convention, namely district and county attorney's convention, Sheriff's Associations, Judges and County Commissioners' Convention and Tax Assessor and Collector's Convention under the provisions of Article 3899, Revised Civil Statutes of Texas, 1925, as amended by the Acts of the 45th Legislature (1937) page 1340, chapter 498, section 1, paragraph (b).

"Would such expenses be reasonable and necessary in the proper legal conduct of either of such officers?"

Article 3899, as amended, in part reads:

"(b) Each officer named in this Act,

where he receives a salary as compensation
for his services, shall be empowered and
permitted to purchase and have charged
to his county all reasonable expenses
necessary in the proper and legal conduct
of his office, premiums on officials'
bonds, premium on fire, burglary, theft,
robbery insurance protecting public funds
and including the cost of surety bonds for
his Deputies, such expenses to be passed
on, pre-determined and allowed in kind and
amounts, as nearly as possible, by the
Commissioners' Court once each month for the
ensuing month, upon the application by each
officer, stating the kind, probable amount
of expenditure and the necessity for the ex-
penses of his office for such ensuing month,
which application shall, before presentation
to said court, first be endorsed by the
County Auditor, if any, otherwise the County
Treasurer, only as to whether funds are
available for payment of such expenses."

In the case of State vs. Carnes, 106 SW (2) 397,
the court construed Article 3899, Acts of 1933, 43rd
Legislature, substantially the same as our present Article
3899, supra, holding that the expenses, other than those
expenditures in connection with automobiles, which an
officer is authorized to claim as deductions, are limit-
ed to stationery, stamps, telephone, traveling expenses,
and other similar necessary expenses, the rule of ejusdem
generis being applied to qualify the general language
of the specially enumerated items and to restrict its
meaning to expenses of same kind or class - citing Cameron
County vs. Fox (Tex. Civ. App.) 42 SW (2) 653; Casey vs.
State (Tex. Civ. App.) 289 SW 428 (writ refused). We
quote from the language used in the Casey vs. State
case, supra, wherein the jury found and the evidence
supported the fact that the services of a stenographer
to assist the county attorney were necessary:

"It may be that such assistance was neces-
sary in this particular case, to enable the county

attorney to better discharge his duties;
but that fact alone does not confer the
right to pay for such assistance out of
public funds. Such authority must come
from some appropriate statute. The one
relied on does not give it."

We are unable to find any statutory authority
authorizing the commissioners' court to pay the expenses
of the above named officers to their respective officers'
conventions, and though reasonable in amount, under the
statutes referred to, such expenses would not under the
authorities cited be "necessary in the proper and legal
conduct of their respective offices."

It is therefore the opinion of this department
that Article 3899, section (b) does not authorize the
commissioners' court to allow to district and county offi-
cers expenses incurred in attending their respective offi-
ciers' conventions. Such expenses, though reasonable,
would not be necessary in the proper and legal conduct of
their offices.

In keeping with your request, we herewith en-
close copies of opinions rendered by this department,
No. 0-331 as amended and No. 0-332. Opinion No. 0-331,
not specifically answering the point raised by the request,
was withdrawn and in lieu thereof, our opinion No.0-331
as amended was rendered.

Trusting the above answers your request, we
remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Wm. J. R. King
    Assistant

WmK:AW
Enclosures

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN